[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11065
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01272-HLA-PDB

JOHN JONES,

Plaintiff – Appellant,

versus

CSX TRANSPORTATION, INC.,
a Florida corporation,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 20, 2018)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

John Jones, an African American man, appeals the district court's grant of summary judgment in favor of his former employer, CSX Transportation (CSXT), on his claim that he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981.[1]  After careful review, we affirm.

## I.

Jones began working for CSXT, a railroad transportation company, in 1997. At the time of his termination in May 2015, Jones served as a Track Foreman in a department responsible for installing new railroad track and preserving existing track.  A Track Foreman directs the work of an assigned crew and ensures the crew follows CSXT operating rules.

On April 7, 2015, Jones led a three-man crew as Track Foreman and designated "Employee-In-Charge."  The Employee-In-Charge is a roadway worker who is responsible for all movements and on-track safety for a CSXT crew.  While performing their maintenance duties, Jones and his crew needed to cross a "diamond" where CSXT's railroad track intersects with track owned by another

---

[1] Jones's lawsuit also alleged unlawful retaliation.  He does not appeal the district court's grant of summary judgment in favor of CSXT on that claim.

company. CSXT has established rules for how to do so safely: if the indicator light on a signal box near the diamond is not lit, the Track Foreman is to wait twelve minutes, press the signal button, wait another six minutes, then direct his crew to cross the diamond. Jones insists he followed the instructions, waiting the full eighteen minutes before directing his crew to cross the diamond. But CSXT's investigation into the matter showed Jones's crew waited only four minutes and 50 seconds before crossing the diamond. According to CSXT, Jones's crew narrowly avoided colliding with another train traversing that same stretch of track.

CSXT disciplined Jones and the two other members of his crew for their conduct. CSXT charged Jones with failing to comply with safety rules, concealment of facts under investigation, and failure to follow operating procedures. Jones's charges were labelled "Major Offenses," and CSXT initiated a formal investigation, which ultimately resulted in Jones's termination. The other two members of Jones's crew—both white men—were charged with violating the same operating rules as Jones. However, their offenses were called "Minor Offenses." CSXT issued them "Time Outs" and agreed to waive any formal investigation into their conduct, allowing them to avoid serious discipline.

Jones sued CSXT in October 2016, asserting he was subjected to worse punishment than his fellow crew members based on his race in violation of Title VII and 42 U.S.C. § 1981. After discovery, CSXT moved for summary judgment,

3

arguing Jones had not established a prima facie case of race discrimination because his fellow crew members—both of whom worked under Jones's supervision and crossed the diamond at his direction—were not appropriate comparators. CSXT also explained it had a legitimate, nondiscriminatory reason for issuing harsher discipline to Jones: he alone served as the crew's designated Employee-In-Charge. The district court agreed on both fronts, and granted CSXT's motion for summary judgment. Jones now appeals.

## II.

We review de novo a district court's grant of summary judgment, construing the facts and drawing all reasonable inferences in favor of the nonmoving party. Jones v. UPS Ground Freight, 683 F.3d 1283, 1291–92 (11th Cir. 2012). Summary judgment is warranted if the record reveals no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We may uphold the district court's grant of summary judgment on any basis supported by the record." McCullum v. Orlando Reg'l Healthcare Sys., Inc., 768 F.3d 1135, 1141 (11th Cir. 2014).

## III.

Jones disputes the district court's finding that he had not made out a prima facie case of race discrimination because he failed to identify appropriate comparators. Jones also contends the district court incorrectly found that CSXT

4

provided a legitimate, nondiscriminatory reason for firing him and wrongly found that Jones had not offered evidence showing CSXT's proffered reason was pretext for discrimination.  We affirm the district court's grant of summary judgment in CSXT's favor.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Because Jones relies on circumstantial evidence to establish his claim, we examine his claim under the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).[2]

Under the McDonnell Douglas framework, a plaintiff has the initial burden of establishing a prima facie case of discrimination.  See id. at 802, 93 S. Ct. at 1824.  To establish a prima facie case of discriminatory termination, a plaintiff must show that (1) he belongs to a protected class, (2) he was subjected to an adverse employment action, (3) his employer treated similarly situated employees outside of his classification more favorably, and (4) he was qualified to do the job.

---

[2] Jones brought his discriminatory termination claim under both Title VII and 42 U.S.C. § 1981.  Claims brought under Section 1981 "have the same requirements of proof and utilize the same analytical framework" as Title VII claims.  Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 n.14 (11th Cir. 2011).

Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). Establishing

a prima facie case gives rise to a presumption that the adverse action was

discriminatory. See id. at 1087. The burden then shifts to the employer to rebut

the presumption by supplying a legitimate, nondiscriminatory reason for its

actions. Id. If the employer carries its burden, the burden shifts back to the

employee to show that the articulated reason is pretext for discrimination. Id. at

1089–90.

Even assuming Jones met his burden of establishing a prima facie case of

race discrimination, he failed to introduce sufficient evidence showing CSXT's

stated reason for imposing disparate discipline was pretext for discrimination. To

show pretext, Jones "must demonstrate 'such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the employer's proffered

legitimate reasons for its action that a reasonable factfinder could find them

unworthy of credence.'" Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253,

1265 (11th Cir. 2010) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538

(11th Cir. 1997)). Jones may not simply "recast [CSXT's] proffered

nondiscriminatory reasons or substitute [his] business judgment for that of

[CSXT]." Alvarez, 610 F.3d at 1265 (quoting Chapman v. Al Transport, 229 F.3d

1012, 1030 (11th Cir. 2000)). If "the proffered reason is one that might motivate a

reasonable employer, an employee must meet that reason head on and rebut it, and

6

the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030.

Jones admits that he alone was his crew's designated Employee-In-Charge during the incident that led to his firing. Nonetheless, Jones asserts CSXT's reason for disciplining him differently than other crew members was pretext, contending all crew members—not only the Track Foreman and Employee-In-Charge—are responsible for following CSXT's safety and operating procedures. Jones also argues all three crew members were charged with violating the same operating rules and CSXT has no company policy imposing harsher discipline on an Employee-In-Charge. But Jones merely quarrels with the wisdom of CSXT's decision to discipline an Employee-In-Charge differently than other crew members. He offers no basis on which a reasonable factfinder could find CSXT's explanation for imposing disparate discipline unworthy of credence.

Jones has not raised a genuine issue of material fact as to the true reason he was fired. Nor has he offered sufficient evidence showing that unlawful discrimination was the true reason for his firing. The district court's grant of summary judgment in favor of CSXT was therefore proper.

**AFFIRMED.**